R. H. ALLEN v. BARRETT & CARLTON, *et al.*, Appellants.

**Damages for Setting Fire:** INSURANCE AS A DEFENSE. Defendant, in an action to recover damages for the negligent burning of a building, cannot claim a reduction of damages' in the amount paid to plaintiff by an insurance company, especially where plaintiff has agreed to reimburse the insurance company if he recovered of defendant.

VALUE OF DEFENDANT'S PROPERTY DESTROYED: *No defense.* Evidence as to the value of the property of defendants, destroyed by a fire, which is charged to have been negligently set by them, is not admissible in an action against them for the destruction of premises, by said fire communicated from their building.

RIGHT OF ACTION BY BAILEE. A bailee in possession of goods for the purpose of sale, has such an interest as to enable him to maintain an action for injury to, or the loss of, the property, from the negligence of another.

**Negligence in Setting Fire:** JURY QUESTION: *Facts stated.*

**Inadmissibility of Evidence for Certain Purposes:** ASKING INSTRUCTIONS. In an action for damages caused by fire negligently set out by defendant's agent, who was also a party defendant, declarations and admissions made by the agent after the fire, are admissible against him, and in the absence of any special objection that such evidence was not admissible against the other defendants, or any request to the court to so charge, the admission thereof cannot be made a basis for error.

*Appeal from Sac District Court.*—HON. C. D. GOLDSMITH, Judge.

WEDNESDAY, DECEMBER 9, 1896.

ACTION at law to recover damages for the negligent burning of a warehouse and its contents. Trial

by jury.    Verdict and judgment for the plaintiff.
Defendants appeal.—*Affirmed.*

*Jas. H. Tait, R. M. Hunter,* and *Wright & Baldwin*
for appellants.

*J. C. Cook* for appellee.

ROTHROCK, C. J.—I.   Barrett & Carlton is a part-
nership firm, composed of T. A. Barrett and D. D.
Carlton.   Guy Carlton was in the employ of the firm
as a general clerk and salesman.   The partnership
and the individual members thereof and Guy Carlton
were made parties defendant in this action.   The
partnership was engaged in general merchandise busi-
ness in the village of Early, in Sac county.   The
plaintiff was engaged in the agricultural implement
business in the same place.   On the thirteenth day of
September, 1893, a warehouse of the defendants in
the rear of their main store building took fire and was
totally destroyed.   The fire spread to other buildings
near by, and they were consumed, and in the confla-
gration, a warehouse belonging to the plaintiff, in
which a large quantity of agricultural implements
and other merchandise were stored, was burned, with
all its contents.   This action was brought against the
defendants as above named.   It is averred in the
petition that the fire which destroyed all of said prop-
erty was caused by the negligence of Guy Carlton, in
setting fire to a collection of rubbish and combustible
material so near a warehouse belonging to the defend-
ants that it was burned, and caused the destruction
of plaintiff's property.   In the rear of the defendants'
salesroom, and some twenty-five feet away, they had
a wareroom in which they stored goods.   The fire
which, it is claimed, destroyed the buildings and
contents, was kindled by Guy Carlton in this vacant

space. It is admitted that the said warehouse was the first building burned, and there is no question that all the other property was destroyed by the fire which burned the defendants' warehouse. The question of fact in the case, to which all of the testimony of the witnesses was directed, was whether the fire which burned the property originated from the fire set out in the rubbish by Guy Carlton, in the vacant space near the defendant's warehouse. There is no real question that, if the property of the plaintiff was destroyed by the negligence of Guy Carlton, all of the defendants are liable for the damages.

It is earnestly contended in behalf of appellants, that the verdict is not supported by the evidence, and that the jury in the case were controlled by passion and prejudice. It is not our practice to review the testimony of the witnesses. An examination of all the evidence in the case shows, that there is such a conflict, that every question of fact was for the jury to determine. There was direct conflict on some of the facts. There were many collateral facts, about which the witnesses differed. There is no doubt that, when the first building commenced to burn, there was a strong wind blowing from the direction where the rubbish was set on fire by Carlton, to the building, and there is a conflict as to whether there was any wind when the fire was kindled. Then, again, there is evidence tending to show, that the warehouse took fire from the inside, and not the outside. There was other evidence to the effect, that wide doors in the building next to the burning rubbish were open, so that the fire from the burning bonfire blew into the building. There is evidence of two other bonfires of rubbish, kindled by other parties, in the vicinity, leaving the inference that the building took fire from them. But this evidence is very slight. And the evidence differs as to the amount and kind of

rubbish which Carlton burned, and whether, when the velocity of the wind increased before the building took fire, Carlton took proper means to extinguish the bonfire. And there is conflict on the question as to the distance from the fire to the building. A number of special interrogatories, requested by each party, were submitted to the jury. Some of them involved many collateral facts, not at all controlling the finding of the jury upon the ultimate fact of liability. A point is made by appellants, that some of the answers to these interrogatories were without support in the evidence. We do not think this position is well taken. The evidence shows, without question, that the relation of the defendant, Guy Carlton, to the members of the firm and to the partnership, was such, that if the fire was caused by his negligence, the other defendants are liable for his acts. We have given a general statement of the effect of the testimony of the witnesses. Our conclusion is, that so far as the sufficiency of the evidence is concerned, the verdict must be sustained.

II. Evidence was introduced by the plaintiff showing that, after the fire, Guy Carlton made certain admissions which tended to show that he was negligent in setting out the fire. This evidence was objected to because it was irrelevant, incompetent, and immaterial. The objections were overruled, and exceptions were taken, and this ruling of the court is claimed to be erroneous and prejudical. The position of counsel is not well taken. The argument in support of the objection is that the admissions of Carlton, made after the fire, are not admissible, because they were no part of the *res gestæ*, or transaction itself. He was a party defendant, and they were admissible as against him. If it was thought they were not evidence against the other defendants, that objection should have been made, and the court

should have been asked to instruct the jury on that feature of the case.

III. The defendants offered evidence to show the value of their own property which was consumed by the fire. The evidence was rejected. Complaint is made of this ruling. It was clearly right. There is no ground upon which it was admissible.

IV. It appeared in evidence that the property of plaintiffs which was destroyed by the fire was insured for one thousand dollars, and that the insurance company paid the amount of the insurance to the plaintiff before the trial of this case, under the agreement that, if the plaintiff recovered in this action, he was to repay the one thousand dollars to the insurance company, with interest at six per cent. The defendants requested the court to charge the jury that the one thousand dollars insurance money should be deducted from the damage, if any, which it should be found the plaintiff was entitled to recover. The instruction was refused, and this ruling is said to be erroneous. Counsel for appellant do not really argue this assignment of error. They merely state that the law does not contemplate reimbursing a person twice for an injury, and plaintiff should not be allowed to receive the insurance money and recover it again from the defendants. It appears to be well settled by the courts that, in such cases as this, the party charged with negligence has no right to claim a reduction of damages in the amount paid to the plaintiff by an insurance company. The reason given for the rule is that there is no privity between the parties, and the defendant is in no position to avail himself of the proceeds of the policy to mitigate, or reduce, the damages which his wrongful act occasioned. As between the defendant and the insurance company, the defendant ought to make compensation to the plaintiff. In

other words, it is no defense to an action like this to show that the property was insured and the policy paid. It is very plain that the party by whose negligent acts the property was destroyed, should respond in damages for the full amount of the injury. After that, it is a question between the insured and the insurance company, as to which shall bear the loss. May, Insurance, section 456, and authorities cited in notes.

V. A large part of the goods destroyed by the fire consisted of agricultural implements which were held by the plaintiff on commission, under contracts with the manufacturers of the implements. We do not think it necessary to refer especially to these contracts. There is no question that the plaintiff held the goods as bailee, for the purposes of sale, and that he had such an interest in them as that he could maintain an action for any injury or loss to the property resulting from the negligence of the defendants. The defendants claim that the owners of the property have a right of action for any loss they have sustained. Whatever the rights of the owners may have been, in case this action had not been commenced, we need not determine. The question here is, may the bailee recover for the destruction of the goods? In Lawson, Bailm. 34, it is said: "The bailee, not having the title, nevertheless has, in addition to the possession of the chattel, a special limited or qualified property in it, which gives him a right of action against any one, whether the bailor or a stranger, interfering with his possession or doing damages to the bailed article." There can be no question that the rule thus stated is correct. In *Shaw v. Kaler*, 106 Mass. 448, it is said: "It has been settled by a long course of decisions that possession is a sufficient title to support an action of trespass or trover against a party having no right. A mere wrong-doer

is not permitted to question the title of a person in the actual possession and custody of the goods whose possession he has disturbed."

Other questions discussed by counsel do not appear to us to be of sufficient importance to require special consideration. We discover no error, and the judgment of the district court is AFFIRMED.