## DEFENSES IN ACTION IN TORT.

Common Pleas Court of Hamilton County.

VICTOR SHIELDS v. THE CINCINNATI TRACTION COMPANY.

Decided, November 3, 1911.

*Pleading—Property Damaged by Negligence—Owner Indemnified by Way of Insurance—May Still Proceed Against the Party Causing the Injury, When—Defenses—Actions Which Are Assignable.*

1. The fact that an owner of property damaged by negligence has received indemnity therefor by way of insurance, can not be pleaded as a defense in an action by the owner against the party causing the damage.

2. But where the petition of the owner for damages for injuries to personal property sets up a cause of action which sounds in tort, a cause is alleged which would survive and is assignable, and an averment in the answer that said cause has been assigned by the plaintiff to some person or corporation to the defendant unknown, and he has by that act ceased to be a party in interest, constitutes a defense which can not be destroyed by a motion to strike out.

*Theodore C. Jung* and *Henry E. Beebe,* for the motion.
*Rufus B. Smith,* contra.

BROMWELL, J.

Decision on motion of plaintiff to strike out the third defense in defendant's answer to amended petition.

The amended petition in this case alleges that the defendant was guilty of negligence in permitting one of its cars to collide with and injure an automobile belonging to plaintiff and asks for damages. To this amended petition the defendant has set up three defenses of which the third is as follows:

"For a third defense defendant says that it is informed and believes, and on such information and belief avers that said plaintiff at the time of said collision was insured against injury or damage to said automobile and has been reimbursed or indemnified for any damage or injury occasioned to said automobile in said collision by the company, corporation or person so insuring said automobile, who are to this defendant unknown, and that said plaintiff assigned or transferred the claim and cause of action herein asserted and made to said corporation, company or. person, and is not the real party in interest herein."

While the motion is directed to this entire third defense I shall regard the defense as setting up two entirely distinct claims; the first being that the plaintiff was fully insured against the loss sustained, and the other that the plaintiff made an assignment of his cause of action and that he is no longer the real party in interest.

The first question to be considered is whether the fact that an indemnity company has settled for the loss in any way mitigates the damages recoverable against the person whose negligence caused the injury, or in any way affects the right of the insured to proceed against the wrongdoer without reference to any settlement made by him with an insurer.

*Sutherland on Damages,* paragraph 158, states the law very clearly in the following words:

"Generally there can be no abatement of damages on the principle of partial compensation received for an injury where it comes from a collateral source wholly independent of the defendant and is as to him *res inter alios acta.* * * * A man who was working for a salary was injured by the negligence of the carrier; the fact that the employer did not stop the salary of the injured party during the time he was disabled was held not available to the defendant sued for such injury in mitigation · nor does the gratuitous care and nursing of an injured plaintiff relieve the party who caused the injury from liability for their worth. Nor will proof of money paid to the injured party by an insurer or other third person by reason of the loss or injury be admissible to reduce damages in favor of the party by whose fault such injury was done. The payment of such moneys not being procured by the defendant and they not having been either paid or received to satisfy in whole or in part his liability, he · can derive no advantage therefrom in mitigation of damages for which he is liable. As has been said by another, to permit a reduction of damages on such a ground would be to allow the wrongdoer to pay nothing and take all the benefit of a policy of insurance without paying the premium."

*8 Am. & Eng. Encyc. of Law,* 2d Ed., page 690, refers to this same principle in the following language:

"As a general rule, the damages to which a plaintiff is entitled for injuries to person or property can not be reduced by amounts received upon policies of insurance as indemnity for the injuries."

The following are some of the decisions of courts in the various states upon the subject, the syllabus alone being cited:

*Missouri, K. & T. Ry. Co.* v. *Rains,* 40 S. W. Rep., 635:

Syl. 2. "Money received on an accident policy by one injured does not affect the amount of the recovery of the one whose negligence caused the injury."

*Harding* v. *Townshend,* 43 Vt., page 536:

Syl. "A town liable for damages occasioned by the insufficiency of a highway is not entitled to have deducted the amount received by the plaintiff from an insurance company on account of the injuries for which he claims to recover against the town."

*Lindsay,* v. *Bridgewater Gas Co.,* 14 Pa. County Court Reports, page 181:

Syl. "A person whose property has been destroyed by fire caused by the negligent act of another, may recover damages from the wrongdoer notwithstanding he has received from an insurance company the full amount of his loss."

See also, *Althorf, Admr.,* v. *Wolfe,* 22 N. Y., 355, and *Briggs* v. *Railroad Co.,* 72 N. Y., 26.

*Christian Weber* v. *Railroad Co.,* 36 N. J. Law, 213:

Syl. 1. "A person having his house and furniture burned from the carelessness of agents of a railroad company, is entitled to recover the entire amount of his loss, in a suit against such company, notwithstanding he has been paid by an insurance company the sum for which they were insured."

*Dillion* v. *Hunt,* 105 Mo., 154:

Syl. 3. "Where an owner of a burned building, in taking down its walls, injures the goods in the store of an adjecent proprietor, the damage of the latter will not be diminished by the amount of insurance money received by him for the injury of the goods."

*Allen* v. *Barrett,* 100 Iowa, 16:

Syl. 1. "The defendant in an action to recover damages for the negligent burning of a building can not claim a reduction of damages in the amount paid to plaintiff by an insurance company, especially where plaintiff had agreed to reimburse the insurance company if he recovered of defendant."

*Railroad Co.* v. *Griffin,* 8 Ind. App., page 47:

Syl. 3. "Where by the actionable negligence of a railroad

company, fire escapes from its right of way to adjoining property, which is thereby consumed, the owner of such property can recover his entire loss from such company without regard to the amount of insurance that may have been paid to him thereon.''

*Cunningham* v. *Railroad Co.*, 102 Ind., 478:

Syl. 1. ''Where, by the actionable negligence of a railroad company, fire from its locomotive is communicated to adjoining property which is thereby consumed, the owner of such property can recover his entire loss from such company without regard to any insurance thereon.''

Syl. 2. ''In such case the fact that such property at the time of its destruction was insured, and that the insurance companies had paid the owner the amount of the insurance, is not available to the railroad company as a defense.''

The above citations of authorities would seem to show clearly the immateriality of the allegation in the third defense relating to the insurance and indemnity alleged to have been paid to the plaintiff, and so much of the said defense should be stricken out.

As to the question as to whether the remaining portion of the defense, namely, the assignment by plaintiff of his claim and cause of action against the defendant is proper and should be allowed to remain in the answer, I think it should be answered in the affirmative for the reason that the petition setting up a cause of action sounding in tort for injury to property presents a cause of action which would survive and is therefore assignable. This is clearly stated in *Sutherland on Damages*, paragraph 7:

''When a cause of action arises it has a legal value as a chose in action; it is a species of property. The right to damages vests when the act or neglect out of which it arises occurs. * * * Except when the right of action and to damages is for a personal tort or breach of a marriage promise, it survives the death of the injured party and is assignable.''

So much, therefore, of the third defense as alleges an assignment by plaintiff of his entire claim against the defendant, and that the plaintiff is not the real party in interest is, I think, a proper defense and as to this allegation, the motion is overruled. Leave to amend if defendant desires to do so.