HARRY I. SIFERS, Appellee, v. L. A. WALCH, Appellant.

**SET-OFF AND COUNTERCLAIM:** **Trial—Dismissal.** The dismissal of a counterclaim may not be complained of (1) when the counterclaim was so carelessly identified by date as to justify the holding that it stood without proof; (2) when the plaintiff was not legally shown to be responsible for the counterclaim; and (3) when the dismissal, in any event, was error without prejudice.

**PARTIES:** **Real Parties—Belated Amendment.** A belated amendment setting up plaintiff's noninterest in the subject-matter of the action may be rejected by the court.

**APPEAL AND ERROR:** **Specification of Error—Manner of Preparation.** In assigning error, either the specific part of the record upon which error is predicated should be *copied* into the brief in connection with the assignment, or the substance of such record should be there stated. Appellant must not refer the court to the pages of the abstract and force the court to determine for itself just what the alleged errors are.

*Appeal from Dubuque District Court.*—J. W. KINTZINGER, Judge.

OCTOBER 16, 1923.

ACTION for damages caused to plaintiff's automobile in a collision upon the highway with the automobile of defendant, such collision being alleged to have been caused by the negligence of the defendant's driver. The defense was a general denial, with an admission of the fact of the accidental collision. There was also a counterclaim for damages sustained by the defendant in an alleged collision with the plaintiff's automobile. The amount of damages claimed by each party was $1,500, respectively. There was a verdict and judgment for the plaintiff for the full amount of his claim, the trial court having withdrawn the counterclaim from the jury.—*Affirmed.*

*G. A. Barnes* and *H. H. Locher,* for appellant.

*Hugh Stuart,* for appellee.

EVANS, J.—On July 19, 1920, between the town of Cascade and the city of Dubuque, the two automobiles met in collision at the top of a hill, the sides of which were so steep that neither driver could have a view of the other while approaching the top, until they should come very near to the summit. The plaintiff was driving easterly and the defendant westerly, the former driving a Willys-Knight, and the latter a Ford car. The injury to the cars was quite equal to their values respectively. The claim for the plaintiff was that the defendant's driver was negligent: (1) In that he approached the summit at excessive speed; (2) that he approached the same on the wrong side of the highway; (3) and that he failed to sound his horn or to give any signal of his approach. There was sufficient evidence in support of each of these specifications, and each was submitted to the jury.

Appellant assigns many errors relied on for reversal, a large number of which, however, are too indefinite and general to permit consideration.

I. Complaint is made of the order of the court withdrawing the defendant's counterclaim. Such order purported to be upon the ground that there was no evidence in its support, and upon the further ground that it stated no cause of action. The counterclaim was very artlessly drawn. It laid the damages as resulting from a collision which occurred on August 20, 1921. We are advised by appellant's brief that this date was a clerical error. The intent of the pleader was to fix the date of the collision as July 19, 1920. Clerical errors are quite readily excusable. Where they are vital, however, there is little excuse for the failure to discover and correct the same after reasonable opportunity. There was nothing upon the face of the counterclaim to indicate that the date was a clerical error. Furthermore, the only negligence charged in the counterclaim was the negligence of one J. P. Russell. There was no allegation connecting him in any manner with the plaintiff, nor any allegation that the plaintiff

1. SET-OFF AND COUNTERCLAIM: trial: dismissal.

was in any manner responsible for his conduct. It does appear from the evidence upon the trial that Russell was the plaintiff's driver at the time of the collision on July 19, 1920. This, however, could not cure the deficiencies of the allegations in the counterclaim. The appellant is, therefore, in no position to complain of the action of the court on this ground.

It further appears that, by reason of the actual findings of the jury, there was no prejudice to the defendant by such dismissal. If the counterclaim is construed as referring to the single accident of July 19, 1920, then it was incumbent upon the defendant to show that the collision resulted through the negligence of plaintiff's driver, and without fault on defendant's part. The court instructed the jury that it was incumbent upon the plaintiff to show that the collision resulted through the negligence of the defendant, and that the plaintiff's driver was not in fault therefor. The favorable verdict of the jury was necessarily a finding that the defendant was guilty of negligence, and that the plaintiff's driver was not. Under the issues, it was not possible for the jury to find to any extent in favor of both parties, and thereby to offset the respective findings against each other. A finding for the plaintiff would necessarily defeat the defendant *in toto,* and vice versa. There was no error at this point.

II. In the later stage of the trial, the defendant presented and asked leave to file an amendment to his answer, whereby he pleaded that the plaintiff was not the real party in interest.

2. PARTIES: real
parties: belated
amendment.

The court refused his request, and complaint is directed to such ruling. The ruling was within the fair discretion of the trial court, even though the amendment had merit on its face. The amendment was predicated upon the fact that the plaintiff carried insurance, and that he was indemnified in whole or in part, and that, therefore, the insurance company was the real party in interest. The tendered pleading was properly refused. *Allen v. Barrett & Carlton,* 100 Iowa 16, 20.

III. Appellant assigns error in rulings upon the admission of testimony. This assignment of error is predicated upon 30 or 40 rulings presumably involving different grounds, for a

3. APPEAL AND
ERROR: specifica-
tion of error:
manner of prep-
aration.
discovery of which we are referred to the lines and pages of the abstract. This court has no time available for such a search of the record. Where error is assigned, either the specific part of the record upon which error is predicated should be copied in the brief in connection with such assignment of alleged error, or the substance of such record should be there stated. It will not avail the appellant to refer us to scores of pages of an abstract, to discover the real nature of the errors argued in the briefs. In view of the further fact that appellant has given no further attention to the subject, either in his brief points or in his argument, we shall not undertake to pass upon any of the rulings in the admission of testimony.

IV. The other assignments of error relate to the giving of instructions. These, too, are very general, and make substantially the same objections to each instruction. These may be summarized as follows: ''Because the court fails to tell the jury how the parties in question should have operated their automobiles in ascending this hill, in order to be careful and prudent;'' that the ''instruction left the jury to speculate as to what acts on the part of the respective drivers would or would not be exercising reasonable care and caution;'' that ''the law as given in said instruction with relation to persons operating a motor vehicle on the public highway are too general, and are not applicable to situation shown by the evidence;'' that said ''instruction failed to give the jury any proper guide as to what acts or omissions would constitute contributory negligence.''

The foregoing presents the substance of all objections to the instructions. The law of the case is very simple and familiar. The instructions followed a beaten path. We find nothing in them to criticise. Nor does the appellant, either in his assignments of error or in his arguments, point out specifically any objectionable language. The ''generality'' of the instructions which is complained of is only such as inheres in every proper rule on the question of negligence. We find no reversible error.

For the reasons here indicated, the judgment below is, accordingly, affirmed.—*Affirmed.*

PRESTON, C. J., ARTHUR and FAVILLE, JJ., concur.