**FIREMEN'S INS. CO. OF NEWARK, N. J., v. BREMNER.**

Circuit Court of Appeals, Eighth Circuit. March 7, 1928.

No. 7860.

1. **Insurance ⬤⟞606(1)—Insurer cannot maintain action against one causing loss for amount paid insured, after judgment has been rendered against defendant for insured for total amount of loss less insurance received.**

Where insurance covered only part of loss which was caused by defendant, judgment against defendant in action by insured for difference between total loss and insurance paid to it, *held* to preclude insurer from recovering from defendant amount of insurance paid, since right of action for entire loss is single and cannot be split and separately maintained by owner and insurer.

2. **Insurance ⬤⟞606(1)—Insurer paying loss is subrogated to rights of insured.**

Insurer, who has paid loss, is thereby subrogated to extent of payment to rights of insured.

3. **Insurance ⬤⟞606(1)—Insurer paying entire loss becomes party in interest, and may bring action against person causing loss.**

Where insurance payment covers entire loss, insurer becomes party in interest, and may bring action against person causing loss.

4. **Insurance ⬤⟞606(1)—If insurer pays portion of loss, right of action against person causing loss remains in insured for entire loss; insured being trustee for insurer to extent of loss paid.**

Where insurance covers only portion of loss, right of action against person causing loss remains in insured for entire loss; insured becoming trustee for insurer, to extent of loss paid by it, in recovery secured.

5. **Courts ⬤⟞370—Circuit Court of Appeals is bound by decisions of federal courts in construing state statute, in absence of state court's construction on similar facts (Code Iowa, 1924, § 10967).**

In absence of construction by Iowa Supreme Court of Code Iowa, 1924, § 10967, providing that every action must be prosecuted in name of real party in interest, on facts similar to cause involved in present case, Circuit Court of Appeals is bound by decisions of United States courts.

In Error to the District Court of the United States for the Southern District of Iowa; John Foster Symes, Judge.

Action by the Firemen's Insurance Company of Newark, N. J., against W. H. Bremner, receiver of the Minneapolis & St. Louis Railroad Company. Judgment for defendant, and plaintiff brings error. Affirmed.

George E. Hise, of Des Moines, Iowa, and Sidney R. Dyer, John W. Jordan, and Walter R. Dyer, all of Boone, Iowa, for plaintiff in error.

Clifford V. Cox, Donald Evans, and William F. Riley, all of Des Moines, Iowa, for defendant in error.

Before STONE and VAN VALKENBURGH, Circuit Judges, and PHILLIPS, District Judge.

STONE, Circuit Judge. This is an action at law by an insurer who had paid a fire loss caused by the defendant. Defendant is the receiver of the Minneapolis & St. Louis Railroad Company. At one point, a part of the railway line parallels that of the Ft. Dodge, Des Moines & Southern Railroad.

Company. A fire, negligently started by the employees of the receiver, burned some of the property of the Ft. Dodge, including seven box cars. The plaintiff carried an insurance policy covering the box cars, and paid the Ft. Dodge $2,800 thereunder because of the above loss. During the January term, 1926, of the district court of Boone county, Iowa, separate suits ·were filed therein against the receiver. One of these was the present action by the insurance company; the other was by the Ft. Dodge. That of the Ft. Dodge claimed a loss on account of the above fire of $5,229.54, gave credit thereon for the $2,800 received on account of the above insurance, and sought recovery for the balance. In the Ft. Dodge suit, the receiver answered by general,denial only. The action was tried, resulted in recovery, and the judgment was paid and satisfied. Thereafter the receiver amended his answer in the present case, setting forth the above judgment and satisfaction as constituting a full and complete adjudication, satisfaction, and discharge of the claim of this plaintiff and pleaded an estoppel on account thereof. The plaintiff herein filed its motion to strike the above portion of the amended answer, which was denied. The case went to trial, the above facts concerning the Ft. Dodge suit, judgment, and satisfaction were introduced, and a verdict for the defendant was directed and entered on account thereof. From the judgment entered thereon, this writ of error is sued out.

[1-4] The sole question presented here is whether the judgment in the Ft. Dodge Case concluded the plaintiff ·in this action. We think the trial court was right in holding that it did. Such holding seems to be required by Chicago, St. Louis & N. O. R. R. Co. v. Pullman Southern Car Co., 139 U. S. 79, 11 S. Ct. 490, 35 L. Ed. 97, St. Louis, I. M. & S. Ry. Co. v. Commercial Union Insurance Co., 139 U. S. 223, 11 S. Ct. 554, 35 L. Ed. 154, Phœnix Insurance Co. v. Erie & Western Transportation Co., 117 U. S.

312, 6 S. Ct. 750, 29 L. Ed. 873, and two cases in this court, to wit, Fairgrieve v. Marine Ins. Co., 94 F. 686, and Norwich Union Fire Ins. Soc. v. Standard Oil Co., 59 F. 984. The law as laid down by the above cases is that an insurer who has paid a loss is thereby subrogated (to the extent of the payment) to the rights of the insured; that, where the insurance payment covers the entire loss, the insurer becomes the party in interest and may bring an action; that, where the insurance covers only a portion of the loss, the· right of action remains in the insured for the entire loss, the insured becoming a trustee for the insurer (to the extent of the loss paid by the insurer) in the recovery secured by it; that the right of action for the entire loss is single and cannot be split and separately maintained by the owner and the various insurers who have paid parts of the loss.

[5] The insurance company seeks to avoid this situation by contending that upon the payment of the loss it became the "real party in interest" within section 10967 of the Code of Iowa 1924, which provides that "every action must be prosecuted in the name of the real party in interest." It cites but two Iowa cases (Graves v. Merchants' & Bankers' Ins. Co., 82 Iowa, 637, 49 N. W. 65, 31 Am. St. Rep. 507, and Russell v. C., M. & St. P. R. Co., 195 Iowa, 993, 191 N. W. 806, 192 N. W. 267), neither of which rule this case as a construction of that statute on facts similar to those here involved. In fact, the Russell Case, at page 1000 (191 N. W. 809), seems to announce the rule as above stated. Without such construction by the Iowa Supreme Court, we are bound by the authority and are convinced by the reasoning of the above·cases in the United States courts. The Norwich Case, where the court cites with approval a Massachusetts case (Hart v. Western R. Corp., 13 Metc. 99, 46 Am. Dec. 719) brought under a similar Code, seems particularly pertinent.

The judgment should be and is affirmed.