FRANK X. CALIGIURI, by his next friend, CHARLES CALIGIURI, Appellee, v. DES MOINES RAILWAY COMPANY, Appellant.

No. 44952.

NOVEMBER 21, 1939.

Stipp, Perry, Bannister & Starzinger, for appellee.

Corwin R. Bennett, J. W. Albert, and Dale S. Missildine, for appellant.

SAGER, J.—At the time of the accident out of which this case arose, the automobile was owned jointly by plaintiff and his brother, but the latter by written assignment transferred his rights therein to appellee. The allegations of the petition are of the nature generally found in actions of this kind, and

in what follows it will be made to appear that it is unnecessary to set them out.

Defendant filed an answer in two counts: one, a general denial; the other, a plea that plaintiff was not the real party in interest. Attached to this answer were interrogatories, the answers to which disclosed that plaintiff had a "fifty dollar accident policy in the Allstate Insurance Company" (hereafter referred to as insurer), and that that company had paid $167.90 of the amount for which plaintiff sues, to wit: $231.90.

On April 8, 1939, defendant filed an amendment to its answer alleging that the insurer had made a partial payment; was thereby subrogated pro tanto; and that the Iowa-Des Moines National Bank and Trust Company (to be referred to hereafter as the bank) held a mortgage on the damaged automobile to the extent of $537.75. The prayer of this amendment was that defendant go hence with its costs.

On the same day, defendant moved the court to order the insurer and the bank to be brought in as parties because of the matters set forth in the amendment. This motion was over-ruled and from this ruling defendant appeals.

It will be seen that we have before us the question as to who is the "real party in interest" in the situation disclosed. The parties cite many authorities from other jurisdictions, but a discussion of them here would be profitless. They will be found gathered together and analyzed in an exhaustive note to Harrington v. Central States, etc., Co., 96 A. L. R. 859, at page 864. While our own decisions have not met the precise question here presented, our views will be found to have been indicated with such directness as to point the answer. Section 10967 of the Code, 1935, provides:

"Every action must be prosecuted in the name of the real party in interest."

Section 10973 requires that "persons having a united inter-est must be joined on the same side, either as plaintiffs or defendants, except," etc.

Section 10981 provides:

"The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination

of the controversy between the parties before the court cannot be made without the presence of other parties, it must order them to be brought in.''

The case of Brauch v. Freking, 219 Iowa 556, 567, 258 N. W. 892, while not strictly parallel, has this to say, Hamilton, J., speaking for the court:

'' * * * we have but to say that 'it has uniformly been held by this court that under this provision of the Code [section 2544 of the Code 1873, now section 10968 of the 1931 Code], the party holding the legal title to a cause of action, though he be a mere agent or trustee, with no beneficial interest therein, may sue thereon in his own name. * * * ' '' (Citing cases.)

Under the record before us it cannot be denied that plaintiff retains the legal title to his cause of action against appellant even though he has received a part of his claim from his insurer. Some of the cases from other jurisdictions which deal with this subject hold that where plaintiff retains part of his claim, the suit may or must be brought in his name. We said in Allen v. Barrett & Carlton, 100 Iowa 16, 20, 69 N. W. 272, 273, a case much like this:

''It appears to be well settled by the courts that, in such cases as this, the party charged with negligence has no right to claim a reduction of damages in the amount paid to the plaintiff by an insurance company. The reason given for the rule is that there is no privity between the parties, and the defendant is in no position to avail himself of the proceeds of the policy to mitigate, or reduce, the damages which his wrongful act occasioned. As between the defendant and the insurance company, the defendant ought to make compensation to the plaintiff. In other words, it is no defense to an action like this to show that the property was insured and the policy paid. It is very plain that the party by whose negligent acts the property was destroyed, should respond in damages for the full amount of the injury. After that, it is a question between the insured and the insurance company, as to which shall bear the loss. May, Insurance, section 456, and authorities cited in notes.''

See, also, Betts v. Chicago, B. & Q. R. Co., 150 Iowa 252,

256, 129 N. W. 962, 963. In this case, defendant sought to escape payment of damages to mules insured in transit on the ground that the shipment was by partnership and not by plaintiff who sued alone. Ladd, J., speaking for the court, said on this question:

"Having owned the mules, he was entitled to maintain an action for damages thereto, and it is no concern of the defendant in what manner he disposes of the proceeds. See section 3459, Code."

Appellant cites two of our decisions as supporting its contention that the insurer and the mortgagee are necessary parties. While there is language in them which may seem to justify this claim, examination discloses that they do not in fact do so. In Russell v. Chicago, M. & St. P. R. Co., 195 Iowa 993, 191 N. W. 806, 192 N. W. 267, the insured and insurer were already plaintiffs, a joinder to which defendant had made no objection. In Evans v. The St. Paul Harvester Works, 63 Iowa 204, 18 N. W. 881, the only question was: Did a mortgagor retain such an interest in the property as to entitle him to sue in his own name?

The question of the right to subrogation on the part of the insurer and mortgagee was not a matter properly for the consideration of the jury; and the introduction of their claims might conceivably have a prejudicial effect on the outcome of the case. We had a similar question up in Cawley v. Peoples G. & E. Co., 193 Iowa 536, 187 N. W. 591, and a method of protecting the rights of one claiming an interest in any judgment which plaintiff may secure is pointed out. We are not now deciding that this is the necessary or the only way that such rights can be protected. We only hold that the trial court was right in its ruling on the motion. Its decision in that regard is, therefore, affirmed.—Affirmed.

OLIVER, C. J., and RICHARDS, HAMILTON, MITCHELL, HALE, BLISS, STIGER, and MILLER, JJ., concur.