S. S. WRIGHT, Appellant, v. STANDARD OIL COMPANY (Indiana), Appellee.

No. 46523.

JULY 28, 1944.

S. S. Wright, of Des Moines, pro se.

Parrish, Guthrie, Colflesh & O'Brien, of Des Moines, and E. E. Poston, of Corydon, for appellee.

WENNERSTRUM, J.—Plaintiff seeks in an injunction action the abatement of a claimed nuisance, which is caused, as claimed in plaintiff's substituted petition, by the operation by defendant of a gasoline and oil filling station in Corydon, Iowa. The defend-

ant in its answer and in a preliminary hearing in the district court raised the proposition that Lee Middlebrook is the tenant and operator of the station and that he is a necessary party to the case. The trial court held that Middlebrook, as tenant, is not only a proper party but is also a necessary party to the action. Upon application to this court, permission was given plaintiff to appeal from the interlocutory order of the trial court holding that Lee Middlebrook was a proper and necessary party to this litigation. Rule 332, Iowa Rules of Civil Procedure. Plaintiff thereafter appealed.

The only question that is involved in this appeal is whether the trial court erred in entering an order making Lee Middlebrook a party defendant in this case. Other questions which are argued in appellant's brief and argument in separate divisions have been stricken on submission to this court of a motion to strike the matters not related to this appeal.

We do not deem it necessary to set out the pleadings that were filed in the district court or to summarize the facts upon which the appellant bases his action. It is sufficient to state that the appellant is the owner of a residence that adjoins a filling station owned by the appellee, Standard Oil Company (Indiana). The brief record which was made in the district court at the time the question was presented whether Lee Middlebrook was a proper and necessary party to this action discloses that he is a lessee of the appellee company.

I. In passing upon the question whether Lee Middlebrook is a proper and necessary party we should first give consideration to Rule 25(b) of the Iowa Rules of Civil Procedure, which is applicable in this litigation. It is as follows:

"A party is indispensable if his interest is not severable, and his absence will prevent the Court from rendering any judgment between the parties before it; *or if notwithstanding his absence his interest would necessarily be inequitably affected by a judgment rendered between those before the Court.*" (Italics supplied.)

Inasmuch as appellant in his injunction action seeks to have appellee's filling station declared a nuisance and abated, and further asks that it be torn down and removed and that appellee be enjoined from at any time erecting a building on

said location or storing gasoline on the property owned by the appellee company, it is our conclusion that the portion of the Rule heretofore quoted is applicable to the situation presented in this appeal. It is our further conclusion that Lee Middlebrook "would necessarily be inequitably affected by a judgment rendered" in the injunction action brought by appellant against the appellee company. We further hold that Lee Middlebrook's interest under his lease is such that he should be made a party in order that his rights, if any, might be properly preserved and protected. Middlebrook, as stated, is a tenant. His rights as a tenant undoubtedly have a monetary value. If the injunction is obtained, as sought by the appellant, the leasehold rights of the tenant would be of no value. Consequently, we can reach no other conclusion except that Middlebrook's interest is such that we must hold that he will be inequitably affected by a judgment rendered in the action where appellant and the appellee company alone are parties.

■ II. This is an action in equity. In 39 Am. Jur., Parties, 903, 904, section 36, the following statement is found relative to actions in equity:

"The equity practice governing the joinder of parties defendant has always been more liberal than the common-law practice. While at common law joinder of defendants is restricted to persons whose liability is joint, in equity there may be a joinder of defendants where there is a community of interest in questions of law and fact. Thus, greater liberality is shown in permitting joinder of tort-feasors in suits to enjoin or restrain their wrongful acts than in actions against them at law for damages. The determination of who should be made parties is often more or less discretionary with the court. The general principle of equity practice is that all persons materially interested, either legally or beneficially, in the suit or proceeding, or possessing a community of interest therein, should be joined as either plaintiffs or defendants thereto, irrespective of the relative importance or degree of interest of their relationship, in order that a complete decree may be made between them."

In 28 Am. Jur., Injunctions, 447, 448, section 273, the following statement is made:

"The general rule in equity that all persons materially interested, either legally or beneficially, in the subject matter of the suit are to be made parties to it, so that there may be a complete decree which shall bind them all, applies to injunction suits."

III. Previous litigated cases support our conclusion that Middlebrook, the tenant, is a necessary and indispensable party to this litigation. In the case of Tod v. Crisman, 123 Iowa 693, 703, 99 N. W. 686, 690, a portion of the opinion of People ex rel. Corwin v. Walter, 68 N. Y. 403, 408, is quoted. It is therein stated:

" 'It is a fundamental principle, that a party cannot be deprived of his property or civil rights, except by due process of law, or affected by judgments in actions and proceedings to which he is not a party, and of which he has not had his day in court.' "

We think this last quotation has application to the question that is presented in this appeal.

In Baird v. Peoples Bank & Trust Co., 3 Cir., N. J., 120 F. 2d 1001, 1003, 136 A. L. R. 693, 695, there is incorporated a portion of the opinion in the case of Shields v. Barrow, 17 How. (U. S.) 130, 139, 15 L. Ed. 158, wherein the various types of necessary parties are enumerated. The quoted portion is as follows:

" '1. Formal parties. 2. Persons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. These persons are commonly termed necessary parties; but if their interests are separable from those of the parties before the court, so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties. 3. Persons who not only have an interest in the controversy, but

an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience.'"

In the case of Baird v. Peoples Bank & Trust Co., supra, following the last quotation, the opinion continues as follows:

"For an absent party to be in the third class, that is, indispensable, he must of course have a direct interest in the litigation. If this interest is such that it cannot be separated from that of the parties to the suit; if the court cannot render justice between the parties in his absence; if the decree will have an injurious effect upon his interest; or if the final determination of the controversy in his absence will be inconsistent with equity and good conscience, he is an indispensable party."

The cases are myriad that have passed upon the question as to who are necessary or indispensable parties, but the general rule seems to be that an indispensable party is one having an interest in the controversy of such a nature that a final decree cannot be made without affecting that interest. Flynn v. Brooks, 70 App. D. C. 243, 105 F. 2d 766, 767; City of Orangeburg v. Southern R. Co., 4 Cir., S. C., 134 F. 2d 890, 893; Niles-Bement-Pond Co. v. Iron Moulders Union, 254 U. S. 77, 41 S. Ct. 39, 41, 65 L. Ed. 145; Brown v. Christman, 75 U. S. App. D. C. 203, 126 F. 2d 625, 631; United States v. Washington Institute of Technology, D. C., Del., 47 F. Supp. 384, 385 [affirmed 138 F. 2d 25]; McAdoo v. Moses, 101 Fla. 936, 132 So. 638, 639; Barmore v. Darragh, Tex. Civ. App., 227 S. W. 522, 523; Ducker v. Butler, 70 App. D. C. 103, 104 F. 2d 236, 238; Montfort v. Korte, 7 Cir., Ind., 100 F. 2d 615, 617; Goldwyn, Inc. v. United Artists Corp., 3 Cir., Del., 113 F. 2d 703, 707.

In the case of Green v. Brophy, 71 App. D. C. 299, 110 F. 2d 539, 541, the following definition is given:

"Indispensable parties have been defined by this court as 'All whose interests will be affected by the decree, that is,

all persons materially interested either legally or beneficially in the subject matter of the suit * * *.' ''

When it is kept in mind that Rule 25 (b) states in part ''or if notwithstanding his [a party's] absence his interest would necessarily be inequitably affected by a judgment,'' and that the courts heretofore quoted and many others hold that all persons materially interested either legally or beneficially in the subject matter of the suit are indispensable parties, we can come to no other conclusion except that the trial court was right in holding that Lee Middlebrook is a necessary party in the litigation brought by the appellant. We hold under Rule 25(b) and the cited authorities that Middlebrook is, in fact, an indispensable party.

The cases cited by the appellant do not appear to us to be applicable to the limited question that we have here decided. Inasmuch as we have limited this opinion to a consideration of the question whether Lee Middlebrook is a necessary and indispensable party, we do not deem it necessary to pass upon the several motions presented with this appeal.

We therefore conclude that the trial court was correct in its ruling in making Lee Middlebrook a party to this action. It is therefore affirmed.—Affirmed.

All JUSTICES concur.