**NATIONAL GARMENT CO. v. NEW YORK,
C. & ST. L. R. CO.**

No. 13713.

United States Court of Appeals
Eighth Circuit.

March 10, 1949.

Rehearing Denied April 5, 1949.

Melvin L. Newmark and Victor Pack-
man, both of St. Louis, Mo., for appellant.

Vincent L. Boisaubin, of St. Louis, Mo.
(Jones, Hocker, Gladney & Grand, of St.
Louis, Mo., on the brief), for appellee.

Before GARDNER, Chief Judge, and
WOODROUGH and RIDDICK, Circuit
Judges.

RIDDICK, Circuit Judge.

The National Garment Company shipped a carload of knitting machinery from Bushwick in New York to St. Louis, Missouri. The shipment reached its destination over the lines of the appellee railroad company, the delivering carrier. It was delivered to the initial carrier in New York on May 3, 1943, and was transported under a bill of lading which contains the following qualified benefit of insurance clause (§ 2(c)): "Any carrier or party liable on account of loss or damage to any of said property shall have the full benefit of any insurance that may have been effected upon or on account of said property, so far as this shall not avoid the policies or contracts of insurance: Provided, That the carrier reimburse the claimant for the premium paid thereon."

The bill of lading containing this insurance clause is the Uniform Bill of Lading adopted by the Interstate Commerce Commission for use in domestic transportation by all carriers subject to the Interstate Commerce Act, as amended. See In Re Bills of Lading, 52 I.C.C. 671, April 14, 1919; 64 I.C.C. 357, October 21, 1921.

On May 4, 1943, the garment company obtained an insurance policy from The Connecticut Fire Insurance Company insuring the shipment against all loss or damage during transit to the amount of $10,000. This policy contained the following provisions:

"No loss shall be paid hereunder if the Assured has collected from others.

"It is warranted by the Assured that this insurance shall in no wise inure directly or indirectly to the benefit of any carrier or other bailee.

"Subrogation—This Company may require from the Assured an assignment of all right of recovery against any party for loss or damage to the extent that payment therefor is made by This Company.

\* \* \* \* \* \*

"This Policy is made and accepted subject to the foregoing stipulation and conditions \* \* \*."

While in transit the shipment was damaged. The garment company filed a claim on the policy in which it stated that the whole amount of loss and damage to the

property was $4,151. The proof of loss contained the following agreements:

"\* \* \* Nothing has been done by or with our privity or consent, to violate the conditions of the policy, or render it void \* \* \*.

"In consideration of the payment hereunder we hereby subrogate to said insurers all our right, title and interest in and to the property for which claim is being made hereunder, and agree to immediately notify said insurers in case of any recovery of the property for which claim is being made hereunder. We also agree to turn over to said insurers any such recovery which may be made, or reimburse said insurers in full to the extent of the payment for such property which may be recovered."

The insurer paid the amount claimed, taking the following receipt from the garment company:

"Received of the Connecticut Fire Insurance Company of Htfd. the sum of Four Thousand One Hundred-Fifty One Dollars and No/100 Dollars,[1] being in full settlement of all claims and demands for loss and damage, on the 13th day of May, 1943, to the property insured \* \* \*. In consideration of such payment the undersigned hereby assigns and transfers to the said Company all claims and demands against any other party \* \* \* or corporation \* \* \* to the extent of the amount above named, and the said Company is hereby authorized and empowered to sue, compromise or settle in our name or otherwise to the extent of the money paid as aforesaid.

"The undersigned covenants that we have not released or discharged any such claim or demand against such other party, and that we will furnish to said Company any and all papers and information in our possession, necessary for the proper prosecution of such claim."

After receiving the insurance payment of $4,140, the garment company sued the carrier to recover all damage to the shipment, alleging that the whole amount of its loss was $6,346.53. In the complaint no reference was made to the garment company's insurance transactions. The complaint merely stated a claim against the carrier for damages.

In its answer the carrier denied the charges of negligence and damage, and in paragraph VI of its answer set up the further defense that by section 2(c) of the bill of lading, the benefit of insurance clause, it was entitled to the full benefit of the insurance carried on the shipment by the garment company; and that the garment company having received from the insurer the full amount of damage claimed in the proof of loss was estopped to claim more from the carrier.

The answer showed that the carrier was in full possession of the facts concerning the garment company's insurance transactions. It raised no question of a defect of parties plaintiff, nor did it ask to have the insurer joined as a party plaintiff.

■ Rule 17(a) of the Rules of Civil Procedure, 28 U.S.C.A., requires that every action shall be prosecuted in the name of the real party in interest. As the case now stands, the plaintiff is alleging a loss in excess of the amount paid by the insurer. The rule is that, in the absence of timely objection on the part of the defendant, the party suffering the loss may maintain an action for the recovery of the whole loss against the party primarily liable, although the plaintiff has been indemnified for part of his loss and the indemnifier, to the extent of the payment made, has been subrogated to the plaintiff's rights against the person primarily liable. Norwich Union Fire Ins. Society v. Standard Oil Co., 8 Cir., 59 F. 984; Fairgrieve et al. v. Marine Ins. Co. of London, 8 Cir., 94 F. 686, 688; Firemen's Ins. Co. v. Bremner, 8 Cir., 25 F.2d 75, 76; Illinois Power & Light Corp. v. Hurley, 8 Cir., 49 F.2d 681, 691; Van Wie v. United States, D.C., 77 F.Supp. 22, 33; Yale Transport Corp. v. Yellow Truck and Coach Mfg. Co., D.C., 3 F.R.D. 440, 442. In this situation there are two real parties in interest—the insurer to the extent of its payment and the insured to the extent of the difference between the payment received from the insurer and the whole loss. In the absence of objection either may maintain an action against the

---

[1] The actual payment was $4,140, the amount of the claim as amended.

person primarily liable, the insurer to the extent of its payment, the insured to the extent of the whole loss. The rule against splitting a cause of action is for the benefit of the defendant and may be waived. Capital Fire Ins. Co. v. Langhorne, 8 Cir., 146 F.2d 237, 243. On objection by the defendant, the absent party should be made a party plaintiff. Where the action is by the insured for the whole loss, the defendant not objecting, the recovery is impressed with a trust for the insurer to the amount to which it is entitled by subrogation. See 3 Moore's Federal Practice, 2d Ed., § 17.09, pp. 1348, 1349.

At a pretrial hearing the court ordered the issues raised by paragraph VI of the answer heard and decided prior to the trial of the other issues raised by the pleadings. This order was followed. The only evidence produced was the bill of lading, the insurance policy, proof of loss, the company's check in payment of the loss, and the subrogation receipt given by the garment company to the insurer. No evidence was heard to establish the actual damage to the shipment, whether greater or less than the sum paid by the insurer. The actual damage to the shipment was not in issue. The sole reliance of the defense was on the insurance benefit clause of the bill of lading. The contention of the carrier was that by the insurance benefit clause of the bill of lading the carrier was given the full benefit of the insurance, and that the garment company was for that reason estopped to claim damages or loss to the shipment more than the amount which it collected from the insurer.

The court concluded as matters of law:

That the bill of lading having been executed and delivered in New York was to be construed as interpreted by the courts of that State; and

That the garment company, by the benefit of insurance clause in the bill of lading, having contracted with the carrier to give it the full benefit of the insurance, the insurer took any rights it may have had against the carrier, subject to this contract between the carrier and the shipper; that the insurer having recognized the validity of the policy and having subsequently and unconditionally paid the loss in full, neither the insurer nor the shipper might contend that the policy was void or that the carrier did not have the benefit of insurance; and that there could be no recovery in the action on the theory of subrogation. That is to say, neither the shipper nor the insurer, if a party, could recover.

The court also ruled as a matter of law that the garment company owed a duty to the carrier, created by the insurance benefit clause of the bill of lading, to assert its claim against the insurer for the full amount of the loss, and was estopped to make any other or greater claim against the carrier than made against and collected from the insurer.

Based on this interpretation of the benefit clause of the bill of lading, the trial court decided the issues in favor of the carrier and, in so doing, made a finding of fact in substance that the payment by the insurer to the garment company was in full satisfaction and discharge of all claims and demands of the garment company against the carrier for all loss and damage to the property in shipment and was a voluntary and unconditional payment.

██ The interpretation of the bill of lading is controlled by Federal law, not by the law of the State where the bill of lading was signed. Local rules are of no consequence in the determination of the validity, meaning, or legal effect of contracts of interstate transportation, the terms of which Federal law prescribes. Cincinnati etc. Ry. Co. v. Rankin, 241 U.S. 319, 326, 36 S.Ct. 555, 60 L.Ed. 1022, L.R.A.1917A, 265; Kansas City Southern Ry. Co. v. Van Zant, 260 U.S. 459, 43 S.Ct. 176, 67 L.Ed. 348; Crump et al. v. Thompson, Trustee, 8 Cir., 171 F.2d 442, 445; and see 4 Williston on Contracts, Revised Ed., § 1073, p. 2998.

██ It is, of course, true that the payment by the insurer to the garment company was in full satisfaction and discharge of all claims and demands of the garment company against the insurer, but it does not follow as the court found that this payment was in full satisfaction of all claims of the garment company against the carrier, the party primarily liable for the loss.

This finding of the court was induced by an erroneous view of the law as to the effect of the insurance benefit clause of the bill of lading, and it is therefore clearly erroneous within the meaning of Rule 52 of the Rules of Civil Procedure, Cleo Syrup Corp. v. Coca Cola Co., 8 Cir., 139 F.2d 416, 417, 418; Voss Bros. Mfg. Co. v. Voss et al., 8 Cir., 157 F.2d 263, 266; Hudspeth v. Esso Standard Oil Co., 8 Cir., 170 F.2d 418.

Since, as appears later in this opinion, the insurance in this case did not inure to the benefit of the carrier, it is, in the language of Judge Gardner in Illinois Power & Light Corp. v. Hurley, supra, [49 F.2d 691] "no concern of the wrongdoer how the proceeds may be apportioned." The shipper was under no obligation to the carrier to collect anything from the insurer. If the allegations of the complaint are sustained, the carrier is liable to some one for the whole amount of the loss. It is not important to the carrier that the loss when determined is paid to two rather than to one. The chance that the garment company will be able to establish its claim for more than the insurance payment may be remote, but this does not justify dismissing its action.

The interpretation of the bill of lading in this case being a question of Federal law, it follows that State cases interpreting and applying the benefit of insurance clauses in various bills of lading are not controlling. It is also obvious that cases, State and Federal, dealing with benefit of insurance clauses in bills of lading different in terms from the one involved in the present case are of no aid on the question. In none of the Federal cases relied on by appellant was there involved a bill of lading in which the insurance clause contained the qualifying provision, "so far as this shall not avoid the policies or contracts of insurance." Of the State cases called to our attention, only three dealt with bills of lading including the qualifying clause quoted above. In two of them, Adams et al. v. Hartford Fire Ins. Co., 193 Iowa 1027, 188 N.W. 823, 24 A.L.R. 182, and Hartford Fire Ins. Co. v. Payne, 199 Iowa 1008, 203 N.W. 4, 39 A.L.R. 1109, the court reached a result exactly opposite to the decision of the trial court in the present case.

In the Adams case the shipper sued the insurance company to recover for loss and damage to the shipment while in transit. The court held that the qualified insurance clause in the bill of lading did not avoid the policy of insurance which provided that any act of the insured defeating the insurance company's right of subrogation against the carrier would avoid the policy; and that, the insurer being liable on the policy, no question of waiver of the policy reservation of subrogation could arise on payment of the liability. In the Payne case the insurance company, having paid the shipper the loss sustained while the shipment was in transit, sued to recover of the carrier under its right of subrogation retained in the policy. The court sustained the right of the insurance company to recover, and denied the contention of the carrier that the insurance company by paying the loss had waived the provision voiding the policy if its right of subrogation was destroyed by any act of the insured. The court said, referring to the qualified benefit of insurance clause in the bill of lading, 203 N.W. 7:

"This provision of the shipping contract does not give to the carrier the benefit of all valid insurance, but only the benefit of all insurance that would not be rendered invalid by the destruction of the right of subrogation, and gives the carrier no benefit of insurance when to do so would render the insurance invalid. The clause in question speaks of a contingency, not of a result accomplished. If to apply the provision giving the carrier the benefit of the insurance would render the insurance invalid, it is not to be applied, and the insurance contract is not invalidated; but, if to apply it would not render the insurance invalid, then it is to be applied, and the carrier is entitled to the benefit of the insurance. * * * As said in the Adams Case:

"'If the policy of insurance would be rendered invalid, it would be unavailing to the shipper or any one else.'"

The Supreme Court of Washington in Home Ins. Co. of New York v. Northern Pacific Ry. Co., 18 Wash.2d 798, 806, 140

P.2d 507, 147 A.L.R. 849, reached the opposite result in a case in which a bill of lading containing the qualified benefit of insurance clause was involved. In this case the insurer paid the shipper for the loss and sued the carrier on its right of subrogation. Recovery was denied, the court holding that the insurer having been paid to assume the risk should stand the loss, ignoring the insurer's right of subrogation.

We think the Iowa court reached the right decision in the Adams [2] and Payne cases. The doctrine of subrogation was adopted by equity to put the burden of loss on the one primarily responsible for it. This right of subrogation arises out of the nature of the contract of insurance as a contract of indemnity, the carrier being primarily and the insurer secondarily liable. The insurer's right of subrogation exists as a matter of equity, and is not dependent upon the reservation of the right in the contract of insurance. But, since it is derived from the shipper, it may be defeated by an unqualified provision in the shipping contract giving the carrier the benefit of any insurance effected on a shipment by the owner. Phœnix Ins. Co. v. Erie & Western Transportation Co., 117 U.S. 312, 6 S.Ct. 750, 29 L.Ed. 873; Platt v. Richmond Y. R. & C. R. R. Co., 108 N.Y. 358, 15 N.E. 393; Bradley v. Lehigh Valley R. Co., 2 Cir., 153 F. 350; Luckenbach v. McCahan Sugar Refining Co., 248 U.S. 139, 39 S.Ct. 53, 63 L.Ed. 170, 1 A. L.R. 1522. The carrier, however, may not require a shipper to carry insurance for the carrier's benefit. Such a provision in the bill of lading is void. Bradley v. Lehigh Valley R. Co., supra. The insurer, since its obligation under a policy of insurance is wholly contractual, has the right to impose such conditions upon its liability as it sees fit to incorporate in its agreement with the shipper. The insurer and the shipper may make a valid contract of insurance, protecting the insured against loss, preserving the insurer's right of subrogation against the carrier upon the payment of the loss, and worthless to the carrier. And that is what occurred in the present case. Since the insurance company was liable to the shipper on its policy of insurance, its recognition of that liability by payment of the shipper's claim was neither voluntary nor unconditional. It had no defense at law to the shipper's claim, and it did not waive its right of subrogation by paying an obligation which the law required it to pay.

We conclude that the insurance carried by the shipper in this case did not inure to the benefit of the carrier. But, if we are in error in this conclusion, the benefit of insurance clause in the Uniform Bill of Lading is, in our opinion, invalid because contrary to section 2 of the Interstate Commerce Act of 1887, 24 Stat. 379, as amended by the Transportation Act of 1920, 41 Stat. 479, 49 U.S.C.A. § 2. China Fire Ins. Co. v. Davis, 2 Cir., 50 F.2d 389, 76 A.L.R. 1259, decided June 8, 1931, certiorari denied Mellon v. China Fire Ins. Co., 284 U.S. 658, 52 S.Ct. 36, 76 L.Ed. 558.

Section 2 of the Interstate Commerce Act, as amended, prohibits a carrier from directly or indirectly, by any device, collecting or receiving from any person a greater compensation for services rendered in the transportation of property than it collects or receives from any other person for doing for him a like service under substantially similar conditions. In the China Fire Ins. Co. case, supra, the court held that the benefit of insurance clause in the Uniform Bill of Lading put it in the power of the shipper to insure the carrier or not as he chose, and that for the shipper to insure the carrier was to give the carrier compensation of an ascertainable value forbidden by the Interstate Commerce Act, saying 50 F.2d at page 393: "* * *

[2] 37 Harvard Law Review 901, 904, contains the following comment on the Adams case: "The Adams case gave the only logical and sensible construction of the expressed intention of the parties in the qualifying clause,—to exclude policies protecting subrogation. By this construction the shipper does not forfeit his policy, the insurer does not lose subrogation, and the carrier bears his primary liability. These results are in accord with the development of the law of subrogation hitherto."

**38**

that to leave it open to shippers to insure or not insure the carriers could not be justified by any facts which might be developed at a hearing before the Commission. * * * The service was the same in all cases; the choice was not controlled by any facts relevant for purposes of transportation; the 'compensation' was granted or withheld at will. In the face of the section such a situation does not appear to us to leave open any problem of transportation, that requires the decision of those peculiarly versed in that subject."

The China Fire Ins. Co. case has been cited with approval in The J. L. Luckenbach, 2 Cir., 65 F.2d 570, 575, and without comment in The Steel Inventor, D.C., 35 F.Supp. 986, 996. There are no Federal decisions to the contrary. The Supreme Court of Washington refused to follow the China Fire Ins. Case in Home Ins. Co. of New York v. Northern Pacific Ry. Co., supra. But see 4 Williston on Contracts, Revised Ed., § 1108, and Notes 4 and 5.

It is true that in the discussion of the qualified insurance benefit clause in the opinion in the China Fire Ins. Co. case no reference is made to the requirement that the carrier reimburse the shipper for the cost of the insurance. But, obviously, that provision is not sufficient of itself to change the rule announced in the case. Insurance for the benefit of a carrier is of value to the carrier from the beginning of the transportation and, in the event of transportation without loss, which we assume is the usual case, the carrier has received the compensation forbidden by the Interstate Commerce Act at the expense of the shipper. In the event of loss the carrier, if it so elects, returns to the shipper the cost of the compensation which it was forbidden by the Act to receive in the first place, avoids its liability as a carrier, and deprives the insurer of its rights under a valid contract.

It follows from what we have said that the judgment of the District Court must be reversed and remanded for further proceedings. On remand the insurer may properly be made a party plaintiff.