**LEASING, INCORPORATED, Appellant,**

v.

**Virgil GAGE, Appellee.**

**No. 54927.**

Supreme Court of Iowa.

June 29, 1972.

Nyemaster, Goode, McLaughlin, Emery & O'Brien, Des Moines, for appellant.

Stewart H. M. Lund, Webster City, for appellee.

MOORE, Chief Justice.

This action at law for alleged balance owing on a written lease was terminated by directed verdict at close of plaintiff's case in chief on the ground plaintiff was not the real party in interest. Plaintiff has appealed. We reverse and remand.

Plaintiff's petition alleged it had leased to defendant a particular Electro-Freeze ice cream machine; defendant had failed to make the rental payments thereunder; there was a $2865.30 deficiency and prayed for said amount and for costs. A copy of the lease signed by an officer of plaintiff company and by defendant was attached to and made a part of the petition.

In division I of defendant's answer he denied generally the allegations of plaintiff's petition. In division II defendant alleged the "lease referred to in plaintiff's petition" was procured by fraud and misrepresentation of "plaintiff by and through its representative and/or agent." He alleged in particular the claimed acts of fraud and misrepresentation and demanded plaintiff's petition be dismissed.

In division III defendant for further answer and counterclaim repeated his allegations of fraud and misrepresentation. He further stated the machine failed to properly function. He counterclaimed for the $75.54, the amount he had paid plaintiff for

the first month's rental. Plaintiff's reply denied generally defendant's alleged affirmative defenses and counterclaim.

This case was tried to the court on June 5, 1970. Robert Arnold, president of plaintiff, Leasing, Inc., testified his company had purchased the freezer from Hockenberg Fixture and Supply Company after being tendered an application and lease signed by defendant. After credit investigation plaintiff signed the lease and accepted defendant's check for the first month's rent. He identified the signed lease between the parties. It was offered and received into evidence. After giving the financial loss details resulting from defendant's breach, he stated, "As of today, Hockenberg has no responsibility in connection with this lease and they are not handling the problems or any trouble with it."

Exhibit A, an invoice from Hockenberg Fixture and Supply Co., showing sale to Leasing, Inc. and full payment for the freezer on May 17, 1965, was received in evidence.

David R. Hockenberg, a salaried employee of Hockenberg Fixture and Supply Company, testified in detail how he first attempted to sell the freezer to defendant and later worked out the proposed leasing agreement between plaintiff and defendant. His cross-examination includes, "Mr. Gage never signed any papers of any kind with Hockenberg Fixture and Supply Co. At least not in connection with this transaction. I certainly explained to Mr. Gage on April 19, 1965, or prior thereto, who Leasing, Inc. was and how this transaction would be handled. I explained to him that Leasing, Inc. was going to buy the equipment and they would lease it to him."

After plaintiff had rested its case in chief, defendant moved for a directed verdict. He asserted plaintiff had failed to prove the material allegations of its petition and "defendant here is not the proper party for the plaintiff to be suing * * * Hockenberg is technically the real party defendant * * *." In resistance plaintiff stated it had established the essential elements of its case against defendant.

The trial court orally ruled, "The plaintiff is not the proper party in interest. All Leasing, Incorporated, did was to accept a leasing agreement from Hockenberg. The motion for directed verdict is sustained." Later the trial court entered this written ruling, "The motion for a directed verdict is sustained; the wrong party in interest is the Plaintiff."

The sole question presented on this appeal is whether the trial court erred in holding plaintiff was not the real party in interest.

■ I. In considering defendant's motion for directed verdict, whether the law action is being tried by the court or to a jury, it is incumbent on the trial court to review the evidence in a light most favorable to plaintiff, making all reasonable inferences in plaintiff's favor. Henschel v. Hawkeye-Security Insurance Company, Iowa, 178 N.W.2d 409, 414, and citations. In Schneberger v. Glenn, Iowa, 176 N.W. 2d 782, 784, we say, "A movant for a directed verdict must be considered as admitting the truth of all evidence offered by the adverse party and every favorable inference which may be fairly and reasonably deduced therefrom." With these rules in mind we have set out above the pertinent evidence bearing on the question here presented—does plaintiff's evidence as a matter of law show it is not the real party in interest?

■ II. Generally every action must be prosecuted in the name of the real party in interest. Rule 2, Rules of Civil Procedure. In interpreting this rule, we have often stated that a party is the real party in interest whenever payment to him would protect the defendant from the claims and harassment of third persons. Ryan v. Kanne, Iowa, 170 N.W.2d 395, 405; Archibald v. Midwest Paper Stock Company, Iowa, 158 N.W.2d 739, 742; Grings v. Great Plains Gas Co., 260 Iowa 1309, 1321, 152

N.W.2d 540, 546. See also 59 Am.Jur.2d, Parties, sections 38–40; 67 C.J.S. Parties § 10.

Under the record before us plaintiff, Leasing, Inc. had a real, actual and substantial interest in the lease sued on. Hockenberg Fixture and Supply Company was not a party to it. Plaintiff and defendant are the only parties to the lease. It is most difficult to understand how the trial court found plaintiff was not the real party in interest.

We hold the trial court erred in directing a verdict for defendant. The case must be remanded for a new trial.

III. Defendant-appellee's motion to dismiss this appeal on, the ground the trial court abused its discretion in granting additional time to file the printed record is without merit.

Reversed and remanded.

All Justices concur, except McCOR-MICK, J., who takes no part.