**UNITED SECURITY INSURANCE CO., Appellee,**

v.

**Charles L. JOHNSON, Appellant.**

No. 61984.

Supreme Court of Iowa.

April 25, 1979.

Richard D. Morr and Michael J. Streit of Morr & Shelton, P. C., Chariton, for appellant.

Ned A. Stockdale of Whitfield, Musgrave, Selvy, Kelly & Eddy, Des Moines, for appellee.

Considered by REYNOLDSON, C. J., and REES, McCORMICK, McGIVERIN and LARSON, JJ.

REYNOLDSON, Chief Justice.

Defendant Charles L. Johnson, upon certification of trial court, appeals from a $1554.34 judgment entered against him in favor of plaintiff United Security Insurance Co. in a subrogation action arising out of an

automobile collision. We reverse and remand with directions to dismiss the action.

The case was tried to the court. There was ample evidence to justify trial court's findings that on March 17, 1975, defendant deliberately and intentionally drove his vehicle into an auto owned by his wife, Marilyn Johnson. Her car was insured by United Security. The court found this insurer had paid for the car repair "except for the $100 deductible which had to be paid by Marilyn Johnson, the owner." On the day after the above incident Marilyn filed a marriage dissolution petition. It was granted before this action was filed or tried.

Defendant raised in district court and asserts here several interesting defenses, including spousal immunity. We do not reach them because disposition of this appeal is controlled by a threshold issue: whether United Security is the real party in interest, entitled to bring and pursue this action.

■ I. Although we entertain some misgivings whether this issue was raised clearly in district court, we resolve the doubt in defendant's favor on the record before us. By answer defendant affirmatively alleged: "Marilyn Johnson, and only Marilyn Johnson, can maintain an action [against] Defendant based on the alleged incident of March 17, 1975 . . . ." Defendant's answer requested a ruling prior to trial on this and the other affirmative defenses. Before testimony was taken at trial, he orally reasserted these defenses. Trial court reserved ruling but again addressed "the questions raised" when the evidence was closed; heard unreported arguments, and proceeded to final ruling and judgment. Trial court held:

> [I]t would be a strange and unjust rule or law which would permit a defendant to intentionally cause damage of this kind and not be required to respond to an innocent third party that had, because of its contract obligation, to pay for the damages caused by his wrongful act.

United Security makes no contention this real party in interest issue was not raised in trial court, but meets it head on in its brief.

■ II. The record here presents the usual situation in which the insured was required to assume the loss to the extent of the "deductible" provided by the policy. But it is novel in that the insurer attempts to bring the action in its own name. We can only assume United Security sought to avoid the spousal immunity defense.

Generally, every action must be prosecuted in the name of the real party in interest. *Leasing, Inc. v. Gage*, 199 N.W.2d 43, 44 (Iowa 1972); Iowa R.Civ.P. 2. A defendant may question whether plaintiff is the real party in interest when it is necessary to protect him or her from multiple suits or permit defendant to assert defenses or counterclaims available against the real party in interest, *Grings v. Great Plains Gas Co.*, 260 Iowa 1309, 1320–21, 152 N.W.2d 540, 546 (1967), or in order that defendant's payments to plaintiff or plaintiff's recovery against him or her would protect defendant from third party claims or harassment. *Gage*, 199 N.W.2d at 44; *Ryan v. Kanne*, 170 N.W.2d 395, 405 (Iowa 1969).

The rules which in various circumstances govern whether the insured or the insurer or both are "real parties in interest" are many and differ greatly in the several jurisdictions. *See Annot., Proper Party Plaintiff, under Real Party in Interest Statute, to Action against Tortfeasor for Damage to Insured Property where Insured Has Paid Part of Loss*, 13 A.L.R.3d 140 (1967); *Annot., Proper Party Plaintiff, under Real Party in Interest Statute, to Action against Tortfeasor for Damage to Insured Property where Loss Is Entirely Covered by Insurance*, 13 A.L.R.3d 229 (1967); 44 *Am.Jur.2d Insurance* §§ 1849–56 (1969).

The applicable law which in ordinary circumstances still prevails in Iowa is found in *Firemen's Insurance Co. v. Bremner*, 25 F.2d 75, 76 (8th Cir. 1928):

> [A]n insurer who has paid a loss is thereby subrogated (to the extent of the payment) to the rights of the insured; that, where the insurance payment covers the entire loss, the insurer becomes the party in interest and may bring an action; that,

where the insurance covers only a portion of the loss, the right of action remains in the insured for the entire loss, the insured becoming a trustee for the insurer (to the extent of the loss paid by the insurer) in the recovery secured by it; that the right of action for the entire loss is single and cannot be split and separately maintained by the owner and the various insurers who have paid parts of the loss.

See *Van Wie v. United States*, 77 F.Supp. 22, 32–33 (N.D. Iowa 1948); *Glancy v. Ragsdale*, 251 Iowa 793, 801–02, 102 N.W.2d 890, 895–96 (1960); *Rursch v. Gee*, 237 Iowa 1391, 1396–98, 25 N.W.2d 312, 315–16 (1946); *Caligiuri v. Des Moines Railway Co.*, 227 Iowa 466, 468–69, 288 N.W. 702, 702–03 (1939); 25 Iowa L.Rev. 683 (1940).

Following *Bremner*, this court in *Grings*, 260 Iowa at 1319, 152 N.W.2d at 545, observed:

> In all of the cases cited by plaintiffs, the loss exceeded the insurance paid, thus, insured had a monetary interest in the outcome of the lawsuit. These cases indicate Iowa is in line with most jurisdictions which hold that under such circumstances the insured is the real party in interest and must bring the action to avoid splitting the cause of action.

Iowa decisions more recent than *Bremner* have recognized the principle that if the insurer has paid the loss in full it becomes the real party in interest and ordinarily must proceed in its own name. *Connor v. Thompson Construction & Development Co.*, 166 N.W.2d 109, 114–15 (Iowa 1969); *Archibald v. Midwest Paper Stock Co.*, 158 N.W.2d 739, 742–43 (Iowa 1968); *Home Indemnity Co. v. State Bank*, 233 Iowa 103, 134–35, 8 N.W.2d 757, 776 (1943).

Certain caveats should be noted. This court has indicated an insurer has sufficient interest to join with the insured in an action against the tortfeasor, *Russell v. Chicago, Milwaukee & Saint Paul Railway Co.*, 195 Iowa 993, 1000–01, 191 N.W. 806, 809, *rehearing denied*, 192 N.W. 267 (1923). Our decisions hold an insurer can intervene in such a case. *Peters v. Lyons*, 168 N.W.2d 759, 761–63 (Iowa 1969); *Gee*, 237 Iowa at

1398, 25 N.W.2d at 315; Iowa R.Civ.P. 75. *Cf. Price v. King*, 255 Iowa 314, 318–20, 122 N.W.2d 318, 321–22 (1963) (workers' compensation carrier allowed to intervene in action by compensated employee against tortfeasor); *Cawley v. Peoples Gas & Electric Co.*, 193 Iowa 536, 549, 187 N.W. 591, 598 (1922) (employer allowed to intervene in action by compensated employee against tortfeasor). Other jurisdictions have permitted an insurer which has not paid the full loss to maintain an action against the tortfeasor in certain unusual circumstances; for example, where the insured refuses to sue the alleged tortfeasor, where the insured has released the tortfeasor or has been fully compensated (partly by the insured and partly by the tortfeasor), and where the insured has assigned the entire claim to the insurer or otherwise has parted with all beneficial interest in the right of action. *Annot.*, 13 A.L.R.3d at 176–83. We confront none of those circumstances here, and express no opinion as to the merits of the above rules.

Finally, we observe that if this court were to hold that a subrogated insurer which has not paid the full loss is a rule 2 real party in interest, then it is difficult to conceive how such insurers could avoid being brought into these cases as necessary or indispensable parties on motion of the alleged tortfeasors. *See Wright v. Standard Oil Co.* 234 Iowa 1241, 15 N.W.2d 275 (1944); Iowa R.Civ.P. 25.

Trial court should have held United Security was not the real party in interest and could not maintain this action. We reverse the judgment and remand with directions to dismiss the action.

REVERSED AND REMANDED WITH DIRECTIONS.

All Justices concur except McCORMICK, J., who dissents.

McCORMICK, Justice (dissenting).

It is unjust and illogical to put a subrogee out of court merely for failing to bring an action in the name of a subrogor whose loss has been substantially but not entirely paid

**32**

by the subrogee. In this situation both parties have an interest in a claim against a third party based upon the loss. *See Russell v. Chicago, Milwaukee & Saint Paul Railway*, 195 Iowa 993, 1000–1001, 191 N.W. 806, 809, *rehearing denied*, 192 N.W. 267 (1923). Both interests are entitled to judicial protection.

Even though our cases hold that the action must be brought in the name of the subrogor to avoid splitting, we have not held before today that the action must be dismissed when it is brought in the name of the subrogee. We have held that the alleged tortfeasor may not object that the plaintiff is not the real party in interest when he is fully protected against further liability on the same cause of action. *Grings v. Great Plains Gas Co.*, 260 Iowa 1309, 1320–1321, 152 N.W.2d 540, 546 (1967).

The purpose of the rule can be served without dismissing the subrogee's action. On objection by defendant, the plaintiff should be required to join the absent party in the action pursuant to Iowa R.Civ.P. 25(a). This is the remedy fashioned in other jurisdictions including the federal courts under rules identical to Iowa R.Civ.P. 2. *E.g., National Garment Co. v. New York, C. & St. L. R.*, 173 F.2d 32, 35 (8 Cir. 1949) ("On objection by the defendant, the absent party should be made a party plaintiff."). *See* Annot., 13 A.L.R.3d 140, 146–151 (1967).

This procedure has been required under Fed.R.Civ.P. 17(a) since 1966. Incorporating the remedy previously delineated in case law, the rule provides in relevant part:

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest, and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

The history of the provision is explained in 6 Wright and Miller, *Federal Practice and Procedure*, section 1541 (1971).

Joinder procedure does not make the *subrogee* an indispensable or necessary party. It merely recognizes that a *subrogor* who has not been fully paid for his loss is ordinarily a necessary party in an action against a third party.

I would reverse and remand to give United Security an opportunity to add Marilyn Johnson as a party in the present case. In that event other issues raised in the appeal should also be addressed for guidance of the trial court.