**ANN & HOPE, INC.**

v.

**TAYLOR AND TAYLOR TRUCKING et al.**

No. 89–531–Appeal.

Supreme Court of Rhode Island.

Jan. 28, 1991.

Anthony R. Zelle, Waltham, Mass., Martin Aisenberg, Temkin & Miller, Ltd., Providence, for plaintiff.

Thomas R. Bender, A. Lauriston Parks, Hanson, Curran & Parks, Providence, for defendant.

OPINION

MURRAY, Justice.

This case comes before us on appeal by the plaintiff, Ann & Hope, Inc., from a jury verdict entered against the defendant, Taylor and Taylor Trucking. The jury had awarded plaintiff $132,078.91, but the trial justice allowed the defendant to rely on its benefit-of-insurance defense and subsequently reduced the award to $30,318.60. We reverse and reinstate the jury verdict.

The facts in this case are as follows. In 1980 plaintiff contracted to have defendant transport merchandise from New Jersey to plaintiff's warehouse in Cumberland, Rhode Island over a period of three years. On October 20, 1983, defendant's driver

picked up a trailer of merchandise, signed a short-form bill of lading, and transported the trailer to Rhode Island. The short-form bill of lading incorporated by reference the terms of the Uniform Straight Bill of Lading. By prearrangement the driver was to deliver the trailer to the warehouse dock at around 4 a.m. As plaintiff's employees were usually not on duty at that hour, the driver was instructed to leave the trailer unattended but secured with a pinlock device. The pinlock prevented a tractor from being attached to the trailer in order to move it. On this occasion plaintiff had supplied the pinlock, but the driver failed to use it to secure the trailer. When the employees arrived later, they found the trailer missing and concluded that it had been stolen.

After unsuccessfully requesting defendant to compensate it for the loss, plaintiff filed a claim with its property insurer, Protection Mutual Insurance Co. (Protection Mutual), and received $117,078.91. This represented the value of the stolen merchandise less a $15,000 deductible. Protection Mutual then filed a subrogation action against defendant in Providence County Superior Court, alleging negligence and breach of contract.

At trial defendant relied on its affirmative defense that if it was found liable, the benefit-of-insurance clause in the Uniform Straight Bill of Lading should operate to reduce its liability. The benefit-of-insurance clause reads:

"Any carrier or party liable on account of loss of or damage to any of said property shall have the full benefit of any insurance that may have been effected upon or on account of said property, so far as this shall not avoid the policies or contracts of insurance: PROVIDED, That the carrier reimburse the claimant for the premium paid thereon." Uniform Straight Bill of Lading § 2(c).

Following the jury verdict in favor of plaintiff, the trial justice heard arguments on plaintiff's motion to dismiss defendant's benefit-of-insurance defense. He determined that defendant was entitled to the benefit of plaintiff's insurance. The trial justice therefore reduced the judgment to $30,318.60, the amount of the deductible plus the premium. The plaintiff appeals, seeking reversal and remand for entry of judgment in accordance with the jury verdict. The plaintiff sets forth several arguments as grounds for reversal.

The plaintiff's first argument is that the benefit-of-insurance clause violates 49 U.S.C. § 10741, which prohibits discriminate compensation by carriers. Section 10741(a) reads:

"A common carrier providing transportation subject to the jurisdiction of the Interstate Commerce Commission under subchapter I of chapter 105 of this title may not charge or receive from a person a different compensation (by using a special rate, rebate, drawback, or another means) for a service rendered, or to be rendered, in transportation the carrier may perform under this subtitle than it charges or receives from another person for performing a like and contemporaneous service in the transportation of a like kind of traffic under substantially similar circumstances. A common carrier that charges or receives such a different compensation for that service unreasonably discriminates."

It is well settled that federal law controls interpretation of the bill of lading in an interstate-transportation contract. *National Garment Co. v. New York, C. & St. L. R. Co.*, 173 F.2d 32, 35 (8th Cir.1949). Only a handful of cases have dealt with the benefit-of-insurance clause as it relates to § 10741(a), previously codified as 49 U.S.C. § 2. The first and leading case in the area is *China Fire Insurance Co. v. Davis*, 50 F.2d 389 (2d Cir.), *cert. denied*, 284 U.S. 658, 52 S.Ct. 36, 76 L.Ed. 558 (1931). In *China Fire*, the Second Circuit found the benefit-of-insurance clause invalid as a violation of 49 U.S.C. § 2 because it gave a carrier greater compensation from some shippers than it received from others for the same services. Writing for the court, Judge Learned Hand noted that insurance procured by any *shipper amounted to com*pensation in favor of the carrier because "it had a present value * * * ascertainable

by actuarial calculation." 50 F.2d at 392. Although shippers were not required to buy insurance, those that did effectively compensated the carrier in violation of the statute. *Id.; see also The Steel Inventor,* 35 F.Supp. 986, 996 (D. Md.1940) (citing *China Fire* and questioning validity of benefit-of-insurance clause under Shipping Act, 46 U.S.C. § 812).

In *China Fire* the benefit-of-insurance clause in the bill of lading did not contain the provision regarding reimbursement of the insurance premium by the carrier to the shipper. Nevertheless, under facts similar to those in our present case, the court in *National Garment, supra,* determined that the presence of the reimbursement provision would not alter the *China Fire* holding. The court first held that the shipper's insurance did not inure to the benefit of the carrier. *National Garment Co.,* 173 F.2d at 37. The court went on to state that even if this conclusion were wrong, the benefit-of-insurance clause was invalid as a violation of 49 U.S.C. § 2:

> "Insurance for the benefit of a carrier is of value to the carrier from the beginning of the transportation and, in the event of transportation without loss, which we assume is the usual case, the carrier has received the compensation forbidden by the Interstate Commerce Act at the expense of the shipper. In the event of loss the carrier, if it so elects, returns to the shipper the cost of the compensation which it was forbidden by the Act to receive in the first place, avoids its liability as a carrier, and deprives the insurer of its rights under a valid *contract.*" 173 F.2d at 38.

Thus, the court found that even temporary compensation, existing only until reimbursement of the premium, was sufficient to violate the statute. We can find no federal cases that have departed from this rationale.

Furthermore, we find defendant's reliance on *United States v. Auto Driveaway Co.,* 464 F.2d 1380 (7th Cir.1972), misplaced. *Auto Driveaway* was a mandamus action brought to restrain a carrier from limiting its liability for damages by use of a benefit-of-insurance clause in its tariff. Even though the court found that the clause was not an unlawful preference and did not violate 49 U.S.C. § 316(d), it went on to distinguish the case from *China Fire* and *National Garment,* both *supra.* First, *Auto Driveaway* was a governmental challenge to a carrier's tariff provisions; no specific transportation contract or insurance contract was at issue following the loss or damage of merchandise. Second, *Auto Driveaway* entailed an examination of 49 U.S.C. § 316(d), not 49 U.S.C. § 2. Section 316(d) prohibits "unjust and unreasonable charge[s]" and "undue and unreasonable preference[s]," whereas § 2 prohibits discriminate compensation. The two sections are not interchangeable, and cases dealing with one do not stand as precedent for cases dealing with the other. Finally, the carrier in *Auto Driveaway* contracted with owners of motor vehicles to drive their vehicles and baggage to particular destinations. The owners purchased insurance to cover their *use* of the shipped vehicles, not to cover the *shipping* of the vehicles. *Auto Driveaway, Co.,* 464 F.2d at 1384.

The Seventh Circuit correctly found *Auto Driveaway* inapposite to both *China Fire* and *National Garment.* For the same reasons we find *Auto Driveaway* inapposite to the case at bar. The trial justice was in error when he concluded that *Auto Driveaway* controlled the issue. Clearly this case belongs with the *China Fire* and *National Garment* line of cases. We therefore hold that the benefit-of-insurance clause constitutes discriminate compensation in violation of 49 U.S.C. § 10741(a) and is therefore invalid. Because we base our reversal on this ground, we need not discuss the plaintiff's remaining arguments.

For the reasons stated, the plaintiff's appeal is sustained, the decision of the trial justice is reversed, and the papers of the case are remanded to the Superior Court with instructions to reinstate the jury verdict.