## UNITED STATES v. HILL et al.

### No. 12261.

United States Court of Appeals
Fifth Circuit.

April 27, 1949.

As Corrected, July 28, 1949.

Leavenworth Colby, Sp. Asst. to Atty. Gen., and A. W. Christian, Asst. U. S. Atty., and Frank B. Potter, U. S. Atty., both of Fort Worth, Tex., for appellant.

Raymond W. Richards, of Amarillo, Tex., and Neth L. Leachman, of Dallas, Tex., for appellees.

Before HUTCHESON, SIBLEY, HOLMES, McCORD, WALLER, and LEE, Circuit Judges.

SIBLEY, Circuit Judge.

This case has been reargued before the Court in bank. The opinion heretofore filed, will stand as a statement of the case and as expressing the view of the majority of the Court as now constituted respecting the applicability of Section 203 of Title 31 United States Code, Annotated. We are of opinion, however, that a different disposition of this case should be made, and the last three sentences of that opinion are withdrawn and the following is substituted.

Aside from the operation of Section 203, it was the established law before the Rules of Civil Procedure were made that an insurer who has paid in whole or in part a loss occasioned by the wrongful act or default of a third person, and who has thereby acquired a right to the whole or a share in a suit against the wrongdoer, could not sue separately in his own name, but the suit must be in the name of the insured who suffered the injury, with the insurer named as a usee. This was to insure a trial of the tort claim precisely as though

there had been no insurance, and prevent any splitting of the right of action on that claim. In England the law was so settled in the Court of King's Bench in Mason v. Sainsbury et al., 3 Dougl. 61, and London Assurance Co. v. Sainsbury et al., 3 Dougl. 245, affirmed on appeal by the Court of Exchequer Chamber, February 11, 1785. These cases were cited and followed in Aetna Insurance Co. v. Hannibal Co., 1 Fed.Cas. page 207, No. 96, and in United States v. American Tobacco Co., 166 U.S. 468, 17 S.Ct. 619, 41 L.Ed. 1081. In the former the insurer was not allowed to sue; in the latter forty-two insurers, who had paid the whole loss, were allowed to recover as usees in the name of the insured, the American Tobacco Co., one single judgment against the United States (not forty-two several judgments), the Court declaring that the case was to be considered just as though there were no insurance, the United States not being aided or affected by it. It was not thought necessary even to mention the Anti-Assignment Act. In Firemen's Insurance Co. v. Bremner, 8 Cir., 25 F.2d 75, it was held that there was a difference between cases where the insurer had paid the whole loss and where it had not, and that difference has been made in many cases in the state courts. 46 C.J.S., Insurance, §§ 1209 c(2), 1215 b; 29 Am. Jur., Insurance, Sects. 1355, 1357, 1358. Since the Rules of Civil Procedure, by Rule 17, 28 U.S.C.A., usees are no longer to be resorted to, but persons interested may ordinarily sue in their own names, and all parties in interest may be joined under Rule 19. In the case before us, the loss was paid in part only by the insurer, and it is interested only in a part of each of the three tort claims against the United States, and each original claimant is also in Court, so there is no splitting of the causes of action for the purpose of trial, but each of the three may be tried exactly like there was no insurance, with all the rights of the United States preserved. This was done, and the damages due on each claim were fixed, just as occurred under the "usee" practice in the American Tobacco Co. case. There was no error in refusing to dismiss the insurer out of the case here.

But when it came to framing a judgment on the findings, each of the three claims was split, a transfer of an interest in each claim *as against the United States* was recognized, and a judgment given against the United States in part to the original claimants and in part to the insurer. This we think was erroneous. As in the American Tobacco Co. case, the judgment on each claim should have been against the United States for the full amount, with the right of set off in final accounting unimpaired. But this need not prevent a recognition by the Court of the rights of the insurer in the recovery when paid. The prayers of the petition are not only for the judgments against the United States, but also "for any and all general and special relief to which any plaintiff or plaintiffs may show themselves justly entitled; and plaintiffs pray that the Court may determine and fix the amount of fees of their attorneys whose names appear below." The judgment did fix the fees, but did not give a separate judgment against the United States for them, but properly charged them against the recoveries. The insurer's admitted interest in each claim may and should be similarly charged against the recoveries. This will justly protect the insurer's rights against the insured and not prejudice any right of the United States. To this end we reform the judgment so that Mrs. Hill, Mercure, and Ford each shall recover the full amount of their several claims, and that the State Farmers' Insurance Company shall be paid out of the net recovery of each, after paying the attorneys' fees, the sums respectively of $1697, $463.55, and $93.70; and the judgment so corrected shall stand.

Affirmed.

HOLMES, McCORD, and LEE, Circuit Judges, concur in the opinion.

WALLER, Circuit Judge, concurs in the result.

HUTCHESON, Circuit Judge (concurring in the result).

I am still of the opinion that the judgment appealed from in no manner violated

the anti-assignment act and that it was otherwise unexceptionable. I have no substantial objection, however, to the opinion of the court in bank, written in substitution for the last three sentences of the former opinion, none to the reformation and affirmance of the judgment as prescribed in that opinion. Without, therefore, at all departing from what I formerly said in dissent, I find myself, the judgment now affirmed instead of reversed, in the happy position of being able to concur in the result as in substantial accordance with the views the dissent expressed.