506 P.2d 264

**AUTO DRIVEAWAY COMPANY, a corporation, Appellant,**

v.

**AETNA CASUALTY & SURETY COMPANY, Appellee.**

**No. 2 CA–CIV 1265.**

Court of Appeals of Arizona, Division 2.

Feb. 22, 1973.

Rehearing Denied March 28, 1973.

Review Denied April 24, 1973.

Lesher & Scruggs by D. Thompson Slutes, Tucson, for appellant.

Everett, Bury & Moeller, P. C., by J. Michael Moeller, Tucson, for appellee.

HOWARD, Judge.

Appellee Aetna Casualty & Surety Company, hereinafter referred to as Aetna, filed an action in the trial court against appellant, Auto Driveaway Company, hereinafter referred to as Auto Driveaway, and John Joseph Canaday, for damages in the sum of $2,269.75. The basis of the claim was that Aetna's insured, Robert K. Ostrander, had entered into an agreement with Auto Driveaway to transport Ostrander's Oldsmobile from Morrisville, Pennsylvania to Tucson, and that the vehicle was damaged by the negligence of Canaday, an agent of Auto Driveaway.

Auto Driveaway denied the allegation of the plaintiff's complaint and filed a counterclaim under the Uniform Declaratory Judgment Act, A.R.S. § 12–1831 et seq., asking the court to find that the Aetna policy, which covered the Ostrander car, would also cover the actions of Canaday in driving the car.

The court granted judgment to Aetna for the amount prayed for and denied Auto Driveaway any relief on its counterclaim. Auto Driveaway then filed this appeal.

The facts revealed that on February 25, 1971, Robert K. Ostrander, J., owner of a 1968 Oldsmobile stationwagon, entered into an agreement with Auto Driveaway, denominated "shipping order and freight bill," to transfer the automobile from Morrisville, Pennsylvania to Tucson.

Auto Driveaway then entered into an agreement with Canaday to transport the vehicle to Tucson and Canaday undertook to do so. There is no evidence as to precisely what happened to the vehicle, but the City of Tucson police report which was admitted into evidence indicates that the vehicle was found in Canaday's possession in Tucson in a damaged condition. He was arrested for driving while intoxicated.

Aetna had issued its policy of liability and collision insurance to Ostrander and paid Ostrander the amount of damage to the vehicle, minus a $100 deductible. By paying the collision loss to Ostrander, Aetna claimed that it became subrogated to his rights against any person legally liable for the damage to the vehicle and therefore filed this action to recover the amount it had paid Ostrander under the collision portion of its policy.

It is Auto Driveaway's contention that Canaday was a permissive user of Ostrander's vehicle and therefore insured under the Aetna policy. Furthermore, Auto Driveaway contends that it should receive the full benefit of any insurance that may have been in force on the Ostrander automobile by virtue of its contract with Ostrander.[1]

Auto Driveaway first argues that Canaday was a permissive user of the Ostrander vehicle under the *liability* provision of the policy and that Canaday was therefore entitled to be defended and covered by Aetna for the property damage claim which he incurred while driving the vehicle even though the claimant is also Aetna.

Aetna's insurance policy on the Ostrander automobile was admitted into evidence. It provides two basic types of coverage: First, liability coverage, and secondly, comprehensive and collision coverage. Under Part One of the policy, the liability coverage, Aetna agrees to ". . . pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, arising out of the ownership, maintenance or use of an owned automobile or a non-owned automobile, . . ."

Under the liability coverage of the policy, Canaday is an "Insured".

Part Two of the policy provides for protection against automobile physical damage. Under the collision coverage Aetna promises that it will ". . . pay for loss caused by collision to the owned automobile or to a non-owned private passenger automobile . . ."

The persons insured under the collision coverage are:

"(a) with respect to an owned automobile,

(1) the named Insured, and

(2) any person or organization (*other than a person or organization employed or otherwise engaged in the automobile business or as a carrier or other bailee for hire*) maintaining, using or having custody of such automobile with the permission of the named Insured and within the scope of such permission; . . ." (Emphasis added.)

Auto Driveaway claims that Canaday is covered under the liability coverage because Aetna has promised to pay on behalf of the insured, Canaday, all sums which Canaday shall become legally obligated to pay as damages because of bodily injury or property damage arising out of his use of the automobile, and, since Canaday was

---

1. This contract provided in essence that Auto Driveaway or any party liable on account of loss or damage to any of the property transported should have the benefit of any insurance in effect upon or on account of the property so far as it did not avoid the policy of insurance.

driving the automobile as an "insured", any damage to the automobile he was driving is covered under the liability coverage as previously set forth. Its position is not well taken. Exclusion (*l*) provides that property damage to " . . . as to which the Insured is for any purpose exercising physical control;" shall be excluded from the liability coverage. It further excludes property damage to property owned or transported by the insured.

While it is true that as an additional insured Canaday is entitled to protection under Part One, Aetna's duty is governed by the policy and this particular claim for damages to the owned automobile is not covered by the terms of Part One of the policy. Western States Mutual Insurance Company v. Standard Mutual Insurance Company, 26 Ill.App.2d 378, 167 N.E.2d 833 (1960).

 Turning to the collision coverage afforded by the Aetna policy, we find that under the definition of persons insured, a bailee for hire is specifically excluded. There is no doubt that Canaday was a bailee for hire in this case. Auto Driveaway claims that Aetna had no duty under the policy to pay the collision damages to Ostrander and that in doing so it was a mere volunteer. This is not true. Under the collision coverage the named insured is specifically set forth as covered by the collision provisions and there is no requirement, as Auto Driveaway contends, that the named insured be operating the vehicle at the time of the accident in order to recover under the collision coverage of the policy.

Auto Driveaway relies on *Western States*, supra, for the proposition that if a person is an "insured" under the liability coverage of the policy he is an "insured" for all purposes even if he is excluded as an "insured" under the collision coverage. It then asserts that Aetna cannot have any subrogation rights against its own insured.

We do not read the *Western States* case as standing for the theory advanced by Auto Driveaway. There is a marked difference between the policy construed in *Western States* and Aetna's policy. In *Western States* the persons insured appear to be the same under both its liability and collision coverage. This is not true as far as Aetna's policy is concerned. Its liability coverage and collision coverage have separate provisions as to the persons insured, and under the collision coverage of its policy, bailees for hire are specifically excluded as "persons insured".

Since Canaday was not an "insured" under Part Two, the collision coverage, Aetna had the right of subrogation.

Affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.