529 P.2d 303

**ALLSTATE INSURANCE COMPANY and Paul A. Nocero, Plaintiffs-Appellants,**

v.

**AUTO DRIVEAWAY COMPANY, Defendant-Appellee.**

No. 1527.

Court of Appeals of New Mexico.

Nov. 20, 1974.

**78**

Jacob Carian, Albuquerque, for plaintiffs-appellants.

James M. Dines, Albuquerque, for defendant-appellee.

## OPINION

WOOD, Chief Judge.

Allstate Insurance Company paid Nocero, its insured, for a collision loss. It then sued Auto Driveaway Company for the amount of the loss paid. The trial court dismissed the complaint, holding Allstate had no subrogation right but paid the loss as a volunteer because the collision loss was not covered under Nocero's policy. See 16 Couch on Insurance 2d, § 61:54 (1966). Allstate appeals.

Nocero, in San Francisco, California, had turned his car over to Auto Driveaway for delivery to Fort Lauderdale, Florida. Auto Driveaway was to be paid for this service. Auto Driveaway's driver, Petrow, had an automobile accident in Albuquerque. It was the loss resulting from this collision that Allstate paid.

The trial court correctly concluded that Auto Driveaway was a bailee for hire. Relying on a section of the insurance policy which defined "insured" to exclude a bailee, the trial court held the "incident in question was not covered" by Allstate's policy. This is manifestly erroneous.

The policy provides that Allstate will pay for loss to the owned automobile caused by collision. No claim is made that the car involved was not the "owned automobile" of Nocero's policy. Nor is any claim made that Nocero was not the "named insured" of the policy. One of the definitions in the collision section of the policy reads: " '[I]nsured' means the named insured and (a) with respect to the owned automobile, any person or organization other than a carrier or bailee, maintaining, using or having custody of said automobile with the permission of the named insured . . . . " Under the quoted provision, for purposes of collision coverage in this case, three statements are made. They are: (1) insured means the named insured, (2) insured means certain permissive users of the owned automobile, and (3) carriers and bailees are excluded from the category of permissive user and thus from the definition of "insured."

Under the above definitions, Auto Driveaway, as a bailee for hire, was not an insured under the collision coverage afforded by the Allstate policy. The fact that Auto Driveaway was not an insured did not deprive Nocero of his collision coverage as a named insured. Auto Driveaway Company v. Aetna Cas. & Sur. Co., 19 Ariz.App. 224, 506 P.2d 264 (1973).

We are not construing ambiguous terms because there is no ambiguity. See Alvarez v. Southwestern Life Insurance Co., Inc., 86 N.M. 300, 523 P.2d 544 (1974). Allstate provided collision coverage to Nocero as its named insured. It had a duty under the insurance contract to pay Nocero's collision loss. It paid that loss. Under the insurance contract it became subrogated to Nocero's claim against a non-insured. It did not pay the collision loss as a volunteer. See National Garment Co. v. New York, C. & St. L. R. Co., 173 F.2d 32 (8th Cir. 1949).

The judgment of the trial court is reversed. The cause is remanded with instructions to set the present judgment aside and for further proceedings consistent with this opinion.

It is so ordered.

HERNANDEZ and LOPEZ, JJ., concur.